**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **In Re:** | ) | **Chapter 13 Case No.:** 15-33463 |
| | ) | |
| Janet Elliott | ) | **Judge** Gustafson |
| | ) | |
| Debtor(s). | ) | **Original Chapter 13 Plan** |
| | ) | **Modified Chapter 13 Plan, dated** _____ |

*******************************************************************************************

**NOTICE:** (Check One)

___ This plan DOES NOT include any provision deviating from the uniform plan in effect at the time of the filing of this case.

_X_ This plan DOES contain special provisions that must be and are set forth in Article 11 below.

**YOUR RIGHTS WILL BE AFFECTED**. You should read this plan carefully and discuss it with your attorney. Anyone who wishes to oppose any provision of this plan must file with the court a timely written objection. This plan may be confirmed and become binding without further notice or hearing unless a timely written objection is filed. **Creditors must file a proof of claim with the court in order to receive distributions under this plan.**

_____

**1. PLAN PAYMENTS**

Within 30 days of the filing of this bankruptcy case, the Debtor or Debtors (hereinafter "Debtor") shall commence making monthly plan payments (the "Monthly Plan Payment") pursuant to 11 U.S.C. §1326(a)(1), as follows:

A. To the Chapter 13 Trustee (hereinafter "Trustee"): $650.00 [A] per month, payable in

monthly _X_ semi-monthly ___ bi-weekly ___ weekly ___ installments of $_____ each,

**and**, unless the court otherwise orders,

B. (1) To secured creditors as adequate protection: $ 0.00 [B] per month, allocated as follows:

| Creditor | Collateral | Amount | Payment |
|---|---|---|---|

Prior to confirmation, the Debtor shall provide the Trustee with evidence of post-petition payments made by the Debtor to secured creditors as adequate protection payments and to lessors as lease payments.

Upon confirmation of this plan, the Debtor shall make the entire Monthly Plan Payment of $650.00 [A+B] to the Trustee.

C. The projected length of this plan is at least 60 months, as estimated by the debtor. If claims are filed in amounts greater than the amounts of the scheduled debts, this plan may extend beyond its stated term without further application or notice, but the length of this plan may not exceed sixty months, pursuant to 11 U.S.C. *S* 1322(d).

**2. ORDER OF DISTRIBUTION**
After confirmation of this plan, funds available for distribution will be paid monthly by the Trustee in the following order: (i) Trustee's authorized percentage fee and/or administrative expenses; (ii) attorney fees as allowed under applicable rules and guidelines; (iii) monthly payments as provided for in Articles 3, 4 and 9; (iv) priority

domestic support obligation claims pursuant to 11 U.S.C. §507(a)(1); (v) other priority unsecured claims pursuant to 11 U.S.C. §507(a); and (vi) general unsecured claims. If the Trustee has received insufficient funds from the Debtor to make the monthly payment to secured creditors, the Trustee may pay secured creditor claims on a pro-rata basis. Unless a claim objection is sustained, a motion to value collateral or to avoid a lien is granted, or the court otherwise orders, distributions on account of claims in Articles 3(A), 4(A), 5, 6, 7 and 9 will be based upon the classification and amount stated in each claim holder's proof of claim rather than any classification or amount stated in this plan.

3. **CLAIMS SECURED BY REAL PROPERTY**
A. **Mortgage and Real Estate Tax Arrearages**
   Trustee shall pay the monthly payment amount to allowed claims for mortgage arrearages and real estate tax arrearages.

| Creditor | Property Address | Estimated Arrearage Claim | Monthly Payment (Paid by Trustee) |
|---|---|---|---|
| Select Portfolio Servicing | 908 North Lane St. Defiance, OH 43512 | $2,500.00 | Pro Rata |

B. **Mortgage and Real Estate Tax to be Paid by Debtor(s) outside of the Plan:**
Claims specified below are debts secured by mortgage and / or real estate tax not provided for in Articles 3(A) above. The Debtor(s) shall pay the claims outside of the Plan.

| Creditor | Property Address | Claim |
|---|---|---|

4. **CLAIMS SECURED BY PERSONAL PROPERTY**
A. **Secured Claims to be Paid in Full Through the Plan:**
Trustee shall pay the following claims in full and in equal monthly payments. In the event that Relief From Stay is granted, the creditor is required to file a report of sale promptly following the liquidation of the Collateral, and the Creditor shall be required to file an unsecured deficiency claim within 60 days after the liquidation of the Collateral, if such claim exists.

| Creditor | Collateral Description | Claim Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|

It is assumed that the proof of claim will control in computing interest. In the event that the Plan and the proof of claim are not the same, the Debtors reserve the right to object to the proof of claim.

B. **Secured Claims NOT to be Paid in Full Through the Plan (conduit):**
Claims specified below are debts secured by personal property not provided for in Article 4(A) above. Trustee shall pay the allowed claims the secured amount with interest and in equal monthly payments as specified below. The portion of any allowed claim that exceeds the secured amount will be treated as an unsecured claim. Upon confirmation, the secured amount and interest rate specified below, or as modified, will be binding pursuant to 11 U.S.C. §1327 unless a timely written objection to confirmation is filed and sustained by the court.

| Creditor | Collateral Description | Secured Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|

C. **Secured Claims to be Paid by Debtor(s) outside of the Plan:**
Claims specified below are debts secured by personal property not provided for in Articles 4(A) and/or(B) above. The Debtor(s) shall pay the claims outside of the Plan.

| Creditor | Collateral Description | Interest Rate |
|---|---|---|

5. **DOMESTIC SUPPORT OBLIGATIONS**
Debtor ___does __X__ does not have domestic support obligations pursuant to 11 U.S.C. §101(14A).

<u>If the Debtor does have domestic support obligations:</u>
The holder(s) of any claims for domestic support obligations pursuant to 11 U.S.C. §1302(d) are as specified below.  If the holder of a claim is a minor, the name and address of the minor holder shall be disclosed to the Trustee contemporaneously with the filing of this plan in compliance with 11 U.S.C. §112.

| Holder Name | Address & Telephone |
|---|---|
|  |  |

Trustee shall pay pursuant to 11 U.S.C. §507(a)(1) on a pro-rata basis the allowed arrearage claims for domestic support obligations.  Debtor shall pay all post-petition domestic support obligations as those payments ordinarily come due.

| Creditor Name | Creditor Address | Arrearage Claim |
|---|---|---|
|  |  |  |

### 6. OTHER PRIORITY CLAIMS
Trustee shall pay pursuant to 11 U.S.C. §507(a) on a pro-rata basis other allowed unsecured priority claims.

| Creditor | Claim Amount |
|---|---|
|  |  |

### 7. GENERAL UNSECURED CLAIMS
Debtor estimates the total of the non-priority unsecured debt to be $13,278.60.  Trustee will pay to creditors with allowed non-priority unsecured claims a pro-rata share of $3,000.00 or 22 %, whichever is greater.

### 8. PROPERTY TO BE SURRENDERED
Debtor surrenders the following property no later than 30 days from the filing of the case unless specified otherwise in the plan.  Unless otherwise stated in this plan, the creditor may file a claim for the deficiency and will be treated as a non-priority unsecured creditor.  Any unsecured deficiency claim must be filed by the bar date for claims or allowed by separate order of the court.

| Creditor | Property Description |
|---|---|
|  |  |

### 9. EXECUTORY CONTRACTS AND UNEXPIRED LEASES
All executory contracts and unexpired leases are rejected except the following, which are assumed.  Trustee shall pay the monthly payment amount to allowed claims for executory contract arrearages and unexpired lease arrearages.  Debtor shall pay all post-petition payments that ordinarily come due beginning with the first payment due after the filing of the case.

| Creditor | Property Description | Estimated Arrearage Claim | Monthly Payment (Paid by Trustee) |
|---|---|---|---|
|  |  |  |  |

### 10. OTHER PLAN PROVISIONS
(a) Property of the estate shall revest in the Debtor upon confirmation  X , upon discharge ___, dismissal ___, or completion ____.    If the Debtor has not marked one of the boxes, property of the estate shall revest in the Debtor upon confirmation.  If the Debtor has elected to have property of the estate revest in the Debtor upon discharge or dismissal, the Debtor must maintain adequate insurance of all property in the estate.  Unless otherwise ordered, the Debtor shall remain in possession of all property of the estate during the pendency of this case.

(b) The treatment of the claims of creditors as set forth in this plan shall become absolute upon confirmation, pursuant to 11 U.S.C. §1327.  Therefore, if a creditor or contract party named herein objects to this plan, including the valuation of security, interest to be paid, and the treatment of executory contracts and unexpired leases, a formal objection to confirmation must be timely filed with the court.

(c) This plan incorporates 11 U.S.C. §1325(a)(5)(B)(i) with respect to each allowed secured claim provided for by this plan.

(d) Notwithstanding the automatic stay, creditors and lessors provided for in Articles 3(A) and 9 of this plan may continue to mail customary notices or coupons to the Debtor.

(e)  Debtor shall not transfer any interest in real property or incur additional debt exceeding $500 in the aggregate without prior notice to the Trustee and without first obtaining the approval of the court as stated in applicable Administrative Orders.  Failure to comply with the provisions of this paragraph may lead to the dismissal of this case or the conversion of this case to Chapter 7.

**11.  SPECIAL PROVISIONS**
This plan shall include the provisions set forth in the boxed area below.  **Note: The provisions set forth below will not be effective unless there is a check in the second *notice box* preceding Article 1.**

**Debtor will pay the mortgage payment to the Chapter 13 Trustee who will then pay Select Portfolio Servicing.**

/s/  Janet Elliot  
DEBTOR

/s/  
DEBTOR

Date:      10/26/15

/s/ Nathan Nishiki  
ATTORNEY FOR DEBTOR